UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:_____

| | |
|---|---|
| John Cunningham, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> LMB Mortgage Services, Inc. d/b/a LowerMyBills.com, <br><br> Defendant | **CLASS ACTION COMPLAINT** <br><br> **JURY DEMAND** |

**CLASS ACTION COMPLAINT**

Plaintiff John Cunningham, individually and on behalf of all others similarly situated, alleges the following against LMB Mortgage Services, Inc. d/b/a LowerMyBills.com ("LowerMyBills.com" or "Defendant").

**SUMMARY OF THE ACTION**

1. On November 28, 2018, Plaintiff received a text message from LowerMyBills.com encouraging Plaintiff to refinance his mortgage with LowerMyBills.com. Plaintiff has never been a customer of LowerMyBills.com and never consented to receive telemarketing text messages from LowerMyBills.com. Plaintiff brings this class action on behalf of himself and others who received Defendant's telemarketing text messages without consenting to receive such messages.

2. Plaintiff seeks damages and other equitable and legal remedies resulting from the unlawful conduct of LowerMyBills.com in sending telemarketing messages to the cellular telephones of Plaintiff and Class members without their prior express written consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

1

## PARTIES

3. LMB Mortgage Services, Inc. is a Delaware corporation. The LowerMyBills.com website identifies LMB Mortgage Services, Inc., a Delaware corporation, as its owner. LMB Mortgage Services, Inc.'s principal place of business is located at 12181 Bluff Creek Drive, Suite 250, Playa Vista, California, 90094. The NMLS Consumer Access website (to which consumers are directed by the LowerMyBills.com website) includes "LowerMyBills" and "LowerMyBills.com" as "Other Trade Names" for LMB Mortgage Services, Inc., and designates the website for LMB Mortgage Services, Inc. as "www.lowermybills.com."

4. Plaintiff John Cunningham resides in Miami Springs, Florida. Mr. Cunningham is a firefighter for the City of Miami. In his spare time, Mr. Cunningham enjoys spending time with his family and volunteers with his church. He and his wife are regular contributors to the Red Cross, the Christian Children's Fund, and the IAFF.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claims under the TCPA, 47 U.S.C. § 227, *et seq*.

6. This Court has personal jurisdiction over the Defendant because it directed the text message that is the subject of this action to Plaintiff's cellular phone number. Plaintiff's cellular phone number uses a Florida area code and was, at all relevant times, located in Florida. LMB Mortgage Services, Inc., is licensed to conduct, and does conduct, financial services related business in the State of Florida, and has had an active Mortgage Broker License (#MBR661) in the state of Florida since 2011. Through its operation of the LowerMyBills.com website, LowerMyBills.com continuously and systematically operates, conducts, engages in, and carries on business in Florida.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

**A. LowerMyBills.com or its Agent Used an Autodialer to Send a Telemarketing Text Message to Plaintiff without First Obtaining his Prior Express Written Consent.**

8. Plaintiff's telephone number, (XXX) XXX-9783, is, and at all relevant times has been assigned to a cellular service.

9. On November 28, 2018, Plaintiff received a text message on his cellular phone encouraging him to refinance his mortgage with LowerMyBills.com.

10. The text message invited Plaintiff to "see your potential savings in 2 minutes."

11. LowerMyBills.com, or its agent sent the text message using a Short Message Service ("SMS"). SMS refers to a messaging system that allows cellular telephone subscribers to use their cellular phones to send and receive text messages, usually limited to 120–500 characters.

12. The message came from the SMS "short code" 60107. A "short code" is a cellular telephone exchange (of typically only five or six digits) frequently used by telemarketers to address SMS messages to cellular phones.

13. Plaintiff did not provide his cellular phone number to LowerMyBills.com and did not consent to receive this text message. He has no prior affiliation with LowerMyBills.com.

14. Plaintiff's cellular phone number has been registered on the national do-not-call registry since December 11, 2004.

15. LowerMyBills.com is aware of the TCPA's prohibitions against the use of automatic dialing systems and the use of artificial or prerecorded voices to make calls to cellular phones without the prior express consent of the called party.

16. LowerMyBills.com has been sued for making unsolicited robocalls to consumers whose phone numbers were registered on the national do-not-call list.

17. LowerMyBills.com intentionally or willfully caused autodialed, telemarketing messages to be sent to the cellular phones of Plaintiff and other consumers without their prior express written consent.

18. LowerMyBills.com's text message to Plaintiff had no emergency purpose. Rather, the text message was sent for the purpose of promoting LowerMyBills.com mortgage services.

**B. LowerMyBills.com or its Agent Used an Automatic Telephone Dialing System.**

19. LowerMyBills.com used an ATDS to send its telemarketing text message to Plaintiff's cellular phone.

20. The message included generic content about refinancing a mortgage.

21. LowerMyBills.com sent similar messages to other consumers from the same SMS short code.

22. As a marketing lead generator, LowerMyBills.com's business model requires that it be able to contact large amounts of consumers in short periods of time.

23. SMS messaging systems are commonly used for bulk advertising because they allow for the transmission and receipt of short text messages to and from cellular phones.

**C. LowerMyBills.com's Violations of the TCPA Harmed Plaintiff.**

24. Plaintiff carries his cellular phone with him at most times so he can be available to family, friends, and his employer.

25. LowerMyBills.com's text message invaded Plaintiff's privacy and intruded upon his right to seclusion. The message interrupted his daily life and wasted his time by requiring Plaintiff to retrieve and review the message.

26. LowerMyBills.com's call intruded upon and occupied the capacity of Plaintiff's cellular phone. LowerMyBills.com's message interfered with Plaintiff's use and enjoyment of his cell phone by occupying the phone's memory and storage and by consuming its battery life.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)(3) as a representative of the following Class:

> Each person within the United States who (i) received any text message from LowerMyBills.com or an agent acting on its behalf; (ii) to said person's cellular telephone; (iii) through the use of an automatic telephone dialing system; (iii) which text message was not sent with the recipient's prior express written consent; and (iv) which text message was sent for the purpose of encouraging the purchase of goods or services.

28. Plaintiff reserves the right to amend the class definition following an appropriate period of discovery.

29. Excluded from the Class are LowerMyBills.com, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and the parties' counsel in this litigation. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class; it does not seek recovery for personal injury and claims related thereto.

30. Because auto-dialing equipment maintains records of each contact, members of the above-defined classes can be identified through LowerMyBills.com's records.

31. **Numerosity**. The exact size of the class is information within the exclusive knowledge of LowerMyBills.com, but Plaintiff believes there are at least thousands of Class members. This allegation is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based on the following information: (1) LowerMyBills.com is a marketing lead generator that is licensed in, and does business in, 45 states

and the District of Columbia; and (2) the purpose of automated dialers is to call or text numerous persons in a short amount of time.

33. The alleged size and geographic dispersal of the Class makes joinder of all Class members impracticable.

33. **Commonality and Predominance**. Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the Class include:

(a) Whether LowerMyBills.com's or its agent's dialing system(s) constitute an automatic telephone dialing system under the TCPA;

(b) Whether LowerMyBills.com or its agent used an automatic telephone dialing system to send telemarketing text messages to the cellular telephones of Plaintiff and Class members without their prior express written consent;

(c) Whether LowerMyBills.com's text messages were sent knowingly or willfully;

(d) Whether Plaintiff and Class members were damaged by receiving LowerMyBills.com's text messages; and

(e) Whether LowerMyBills.com should be enjoined from engaging in such conduct in the future.

34. **Typicality**. Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class members, has been injured by LowerMyBills.com's uniform misconduct—the use of an automatic telephone dialing system to send telemarketing text messages without the receiving party's prior express written consent to receive such messages.

35. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in complex consumer class action litigation and matters involving TCPA violations.

36. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of LowerMyBills.com's financial resources, class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce LowerMyBills.com to comply with Federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

37. Class certification is also appropriate under Rule 23(b)(2) because LowerMyBills.com has acted and refused to act on grounds that apply generally to the Class such that final injunctive and/or declaratory relief is warranted with respect to the Class as a whole.

**FIRST CLAIM FOR RELIEF**
**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227,** *et seq*

38. Plaintiff incorporates paragraphs 1–39 by reference.

39. LowerMyBills.com or its agent used an automatic telephone-dialing system to send telemarketing text messages to the cellular telephones of Plaintiff and Class members, without their prior express written consent.

40. The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2).

41. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call placed in violation of the TCPA.

42. Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

**SECOND CLAIM FOR RELIEF**
**Knowing or Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227,** *et seq*

43. Plaintiff incorporates paragraphs 1–39 by reference.

44. LowerMyBills.com or its agent used an automatic telephone-dialing system to send telemarketing text messages to the cellular telephones of Plaintiff and Class members, without their prior express written consent.

45. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2).

46. Under 47 U.S.C. § 227(b)(3)(C), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every call placed in violation of the statute.

47. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

(a) Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23 and issue an order certifying the class defined above and appointing Plaintiff as the Class representative;

(b) Award $500 in statutory damages for each and every call that LowerMyBills.com or its agent negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(c) Award $1,500 in statutory damages for each and every call that LowerMyBills.com or its agent willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(d) Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring LowerMyBills.com to implement measures to stop future violations of the TCPA; and

(e) Grant such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: December 19, 2018          Respectfully submitted,

By: *Adam M. Moskowitz, Esq.*
Adam M. Moskowitz, Esq.
Fla. Bar No. 984280

adam@moskowitz-law.com
Howard M. Bushman, Esq.
Fla. Bar No. 364230
howard@moskowitz-law.com
Adam A. Schwartzbaum, Esq.
Fla. Bar No. 93014
adams@moskowitz-law.com
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Tel: (305) 740-1423

Allan A. Joseph
893317
ajoseph@fidjlaw.com
Jeffrey J. Molinaro
Fla. Bar No. 92494
jmolinaro@fidjlaw.com
Fuerst Ittleman David & Joseph
SunTrust International Tower
One Southeast Third Avenue, Suite 1800
Miami, Florida 33131
Tel: (305) 350-5690

Daniel C. Girard (*pro hac vice* forthcoming)
Simon S. Grille (*pro hac vice* forthcoming)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
dcg@girardgibbs.com
sg@girardgibbs.com

*Counsel for Plaintiff and the Proposed Class*